NO. 14-7022

CASE BEING CONSIDERED FOR TREATMENT PURSUANT TO RULE
34(j) OF THE COURT'S RULES

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
NO. 14-7022
APPEAL FROM U.S. DISTRICT COURT FOR D.C.
1-09-cv-02359-RBW

ALFRED L. STONE,
    APPELLANT

v.

LANDIS CONSTRUCTION CORP.
ETHAN LANDIS
    APPELLEES

BRIEF FOR APPELLEES

Joel P. Bennett, Bar No. 145227
Law Offices of Joel P. Bennett, P.C.
1629 K Street, NW, suite 300
Washington, D.C. 20006
202-365-4140
1-866-530-0943-facsimile
e-mail: joelpbennett1946@gmail.com
Attorney for Appellees

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
NO. 14-7022

ALFRED L. STONE,
    APPELLANT

v.

LANDIS CONSTRUCTION CORP.
ETHAN LANDIS
    APPELLEES

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

A. PARTIES AND AMICI: The parties below were initially Plaintiff Alfred L. Stone and defendants Landis Construction Corp. and Ethan Landis in his individual capacity. There were no intervenors or amici.

B. RULINGS UNDER REVIEW: the judgment entered against Plaintiff and Judge Walton's order granting in part defendants' motion in limine.

C. RELATED CASES: Appellees are not aware of any related cases. This case was previously before this Court on Plaintiff's appeal of Judge Walton's grant of defendants' motion to dismiss or for summary judgment, no. 10-7165.

D. CORPORATE DISCLOSURE STATEMENT: Landis Construction Corporation has no parent corporation and there is no publicly held corporation that owns 10% or more of its stock. The general nature and purpose of Landis Construction Corporation is to perform residential construction and remodeling work

Page 1 of 2

in the Washington, DC metropolitan area.

/s/ *[signature]*

Joel P. Bennett, Bar No. 145227

Law Offices of Joel P. Bennett, P.C.

1629 K Street, NW, suite 300

Washington, D.C. 20006

202-365-4140

1-866-530-0943-facsimile

e-mail: joelpbennett1946@gmail.com

Attorney for Appellees

## TABLE OF CONTENTS

STATEMENT OF THE ISSUES..................................................................1

STATEMENT OF THE CASE......................................................................1

STANDARD OF REVIEW............................................................................5

SUMMARY OF ARGUMENT......................................................................5

ARGUMENT..................................................................................................6

I. THE TRIAL JUDGE DID NOT ABUSE HIS DISCRETION IN EXCLUDING WITNESSES AND EXHIBITS WHICH PLAINTIFF BELOW HAD FAILED TO DISCLOSE IN DISCOVERY..................................................................6

II. ANY EXCLUSION OF WITNESSES AND EXHIBITS WAS HARMLESS BECAUSE PLAINTIFF WAS ABLE TO INTRODUCE THE SAME EVIDENCE TO THE JURY THROUGH THE TESTIMONY OF THE WITNESSES HE DID PRESENT AT TRIAL..................................................................9

III. THE TRIAL JUDGE DID NOT ABUSE HIS DISCRETION IN DISMISSING ETHAN LANDIS AS AN INDIVIDUAL DEFENDANT UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT..................................................................9

IV. THERE WAS NO BASIS FOR THE TRIAL JUDGE TO SANCTION THE DEFENDANTS FOR LOSING PLAINTIFF'S EMPLOYMENT APPLICATION

OR TO SANCTION THE DISTRICT OF COLUMBIA FOR FAILING OR REFUSING TO PRODUCE THE DOCUMENTS REQUESTED IN PLAINTIFF'S SUBPOENA..................................................................................10

CONCLUSION..................................................................................11

# TABLE OF AUTHORITIES

## CASES

*Coles v. Perry*, 217 F.R.D. 1, 5 (D.D.C. 2003)..................................................7

*Cruz-Packer v. District of Columbia*, 539 F. Supp. 2d 181, 185 (D.D.C. 2008)..10

*D'Onofrio v. SFX Sports Group, Inc.*, 247 F.R.D. 43 (D.D.C. 2008)....................8

*Elion v. Jackson*, 2006 WL 2583694 (D.D.C. Sep. 8, 2006)...............................7

*Miler v. Maxwell Int'l*, 991 F. 3d 583 (9th Cir. 1993)......................................10

*Orjias v. Stevenson*, 31 F. 3d 995. 1004-1005 (10th Cir. 1994).........................9

*Washington Hosp. Ctr. v. Cheeks*, 394 F. 2d 964, 965, 129 U.S. App. D.C. 339 (1968).............................................................................................................9

## OTHER AUTHORITIES

*Federal Rule of Civil Procedure 26(e).................................................................7

*Federal Rule of Civil Procedure 37(c)(1).............................................................7

19 Moore's Federal Practice §206.05 (2006)........................................................5

7 Moore's Federal Practice §37.60 (3d ed. 2013).................................................7

22 Wright & Graham, Federal Practice and Procedure, §5161 (2012)................5

* Authorities upon which we chiefly rely are marked with an asterisk

CASE BEING CONSIDERED FOR TREATMENT PURSUANT TO RULE 34(j) OF THE COURT'S RULES

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
NO. 14-7022

ALFRED L. STONE,
APPELLANT

v.

LANDIS CONSTRUCTION CORP.
ETHAN LANDIS
APPELLEES

BRIEF FOR APPELLEES

STATEMENT OF THE ISSUES

1. Whether the trial court judge abused his discretion in excluding witnesses and exhibits which Plaintiff below had failed to disclose in discovery.

2. Whether the exclusion of Plaintiff's witnesses and exhibits was harmless because Plaintiff was able to introduce the same evidence before the jury through the testimony of his trial witnesses.

3. Whether the trial judge abused his discretion in granting defendants' motion to dismiss Ethan Landis as an individual defendant.

STATEMENT OF THE CASE

Plaintiff filed his complaint in 2009 claiming race and age discrimination. See court complaint, district court docket entry 1. Judge Walton granted the defendants'

motion to dismiss or grant summary judgment but this Court reversed on appeal on the Age Discrimination in Employment Act claim only. See docket entry 26 on the issue of age discrimination only.

On remand, Judge Walton ordered the parties to meet and confer and file a rule 16.3 report by March 22, 2012. See docket entry 31. Plaintiff filed a "case management plan" without conferring with defendants' attorney on March 19, 2012. See docket entry 32. Defendants filed their 16.3 report on March 22, 2012. See docket entry 34.

An initial scheduling conference was held before Judge Walton on November 7, 2012 with Plaintiff appearing telephonically as he requested. See docket entry 39.

On November 15, 2013 defendants filed a motion in limine seeking to exclude from the trial witnesses not disclosed in discovery and documents not produced in discovery by Plaintiff. See docket entry 74. Plaintiff opposed the motion and defendants replied. See docket entries 76, 80.

A pretrial conference was held on December 12, 2013. On December 20, 2013 Judge Walton granted in part and denied in part defendants' motion in limine. See docket entry 83.

At the request of Plaintiff the trial initially scheduled for January 7, 2014 was rescheduled to January 28, 2014. See docket entry for January 7, 2014.

Plaintiff presented the following witnesses at trial: Daniel Cavell, the selectee for the plumber position in question (see docket entry for 1/28/14); Ethan Landis (see docket entry for 1/29/14); and himself. The jury returned a verdict for defendant on January 30, 2014. See docket entries 95-98.

Judgment was entered on the verdict for defendant on January 31, 2014. See docket entry 99.

Appellees submit this case is part of pattern of abuse of the court system by this pro se Plaintiff. Plaintiff has filed at least the following pro se actions in federal courts:

1. Stone v. City of Indianapolis Public Util. Div., 282 F. 3d 640 (7th Cir. 2002)(summary judgment for defendant affirmed);

2. Stone v. United Student Aid Funds, Inc., 818 F. Supp. 254 (S.D. Ind. 1993), affirmed, 23 F. 3d 410 (7th Cir. 1994)(student loan for Plaintiff attending the University of the District of Columbia and noting that Plaintiff also completed one year of law school at the Thurgood Marshall School of Law in Texas Southern University);

3. Stone v. Ballard, no. 12-3538 (7th Cir. 2013), cert. denied, 134 S. Ct. 478 (2013);

4. Stone v. Stenz, cert. denied, 131 S. Ct. 922 (2011)(prior litigation in 7th Cir.

and S.D. Ind.);

5. Stone v. Walsh, 756 F. Supp. 2d 4 (D.D.C. 2010)(defendants' motion to dismiss granted);

6. Stone v. A-Advance, et al., no. 2008-cv-00239 (D.D.C. 2008);

7. Stone v. Cartlidge & Bronwell's TFP, LLC, no. 2006-cv-01125 (E.D. Va. 2007);

8. Stone v. Connell & Schmidt Builders, LLC, 08-cv-00239 (D.D.C.)(stipulated dismissal 3/19/09);

9. Stone v. Reliable Mechanical, 65 F. 3d 170 (7th Cir. 1995)(bench trial decision for defendant affirmed);

10. Stone v. Arsenal Construction, no. 97-4030 (7th Cir. 12/18/97)(case dismissed);

11. Stone v. Mid Indiana Service Company, Inc., no. 07-2810 (7th Cir.); and no. 04-2073.

In addition, after the jury returned a verdict against him in this case, Plaintiff filed a pro se action in the Superior Court of the District of Columbia against Landis Construction Corporation, Ethan Landis, Dan Cavell and Landis Construction Corporation employee Nannette Frost alleging violation of the District of Columbia

Consumer Protection Procedures Act, fraud, negligence, spoliation of evidence and conspiracy. All defendants moved to dismiss. On June 13, 2014 Judge Okun granted all defendants' motions to dismiss all counts of the complaint. Mr. Stone has filed a notice of appeal from the dismissal. See Stone v. Landis Construction Corporation et al., 2014 CA 001459 B (Superior Court of the District of Columbia), docket available at https://www.dccourts.gov/cco/maincase.jsf.

## STANDARD OF REVIEW

In his list of issues for review (brief for appellant at vii), Mr. Stone has listed four issues and for each he has indicated the District Court abused its discretion. Appellees agree that the standard of review is abuse of discretion by the trial judge. See generally 22 Wright & Graham, Federal Practice and Procedure, §5161 (2012); 19 Moore's Federal Practice §206.05 (2006).

## SUMMARY OF ARGUMENT

The trial judge did not abuse his discretion in excluding witnesses and exhibits which Plaintiff below had failed to disclose in discovery. Nevertheless, such exclusion was harmless because Plaintiff was able to introduce the same evidence to the jury through the testimony of the witnesses he did present at trial. The trial judge did not abuse his discretion in dismissing Ethan Landis as an individual defendant

under the Age Discrimination in Employment Act. There was no basis for the trial judge to sanction the defendants for losing Plaintiff's employment application or to sanction the District of Columbia for failing or refusing to produce the documents requested in Plaintiff's subpoena.

**ARGUMENT**

**I. the Trial Judge Did Not Abuse His Discretion in Excluding Witnesses and Exhibits Which Plaintiff below Had Failed to Disclose in Discovery**

Appellant appears be arguing that the District Court erred in excluding certain witnesses and exhibits listed by Plaintiff below for the first time in the joint pretrial statement although disclosure of persons with knowledge of his claims and documents supporting his claims were requested in discovery by defendants below and Plaintiff failed to make such disclosures. See defendants' motion in limine below, docket entry no. 74, filed 11/15/2013 and defendants' reply to Plaintiff's opposition to the motion in limine, docket entry 76, and the exhibits thereto. Defendants below objected to the many witnesses and exhibits listed by Plaintiff but not disclosed in discovery on relevance grounds also. Id.

Landis Construction Corporation and Ethan Landis submit that the memorandum opinion and order granting in part and denying in part defendants'

motion in limine (docket entry 83) was well within the discretion of the trial judge. See Federal Rule of Civil Procedure 26(e); 7 Moore's Federal Practice §37.60 (3d ed. 2013)(party's failure to amend prior discovery response may result in preclusion of new disclosed witnesses and exhibits); Federal Rule of Civil Procedure 37(c)(1); *Coles v. Perry*, 217 F.R.D. 1, 5 (D.D.C. 2003)(disclosure after discovery deadline not harmless; witnesses and exhibits disallowed); *Elion v. Jackson*, 2006 WL 2583694 (D.D.C. Sep. 8, 2006)(exclusion is mandatory and required unless there is substantial justification for withholding the evidence).

In his six page memorandum opinion and order Judge Walton thoroughly considered Plaintiff's opposition to the motion and limine and noted the parties "vigourous discussions during the pretrial conference conducted in chambers on December 6, 2013 and in open court on December 12, 2013." Docket 83 at pages 1-2. Judge Walton then excluded the witnesses listed by Plaintiff except himself, Ethan Landis and Mr. Cavell, the selectee for the plumbing position, on the dual grounds of relevance and Plaintiff's failure to disclose the other persons in his answers to defendant's interrogatory requesting identification of all persons with knowledge of Plaintiff's claims at any time during discovery or prior to the submission of the joint pretrial statement. Id. at 2-3.

Judge Walton also noted that both parties submitted case management plans

pursuant to local civil rule 16.3 and they were discussed at the November 7, 2012 scheduling conference. Id. at 4. See also ECF nos. 32, 34 and 37 in civil action no. 09-2359. Judge Walton granted defendants' motion in limine as to all exhibits except Plaintiff's 1, 3 and 20 for the same reasons as his ruling on Plaintiff's witnesses. See memorandum opinion and order, document 83, at 4.

The cases relied upon by Appellant are not on point. For example, *D'Onofrio v. SFX Sports Group, Inc.*, 247 F.R.D. 43 (D.D.C. 2008), cited several times by appellant, did not involve exclusion of witnesses or exhibits from trial but arose on a motion to compel discovery. Magistrate Judge Facciola noted that a party who had identified persons with knowledge in answers to interrogatories would not also be compelled to identify witnesses for trial at that time, as opposed to disclosing witnesses in a pretrial statement. Mr. Stone, as noted above, did not identify the excluded witnesses as persons with knowledge in his answers to interrogatories.

Since the only issue for trial was whether Plaintiff had been discriminated against because of his age when he was not hired as a plumber by Landis Construction Corporation and Plaintiff's claim was that Ethan Landis had stated to Plaintiff that he was too old in their interview, the other witnesses and exhibits were also properly excluded by the trial judge on relevance grounds.

Since there was no abuse of discretion by the trial judge in excluding some of

Plaintiff's witnesses and exhibits for trial, the appeal should be denied. See *Orjias v. Stevenson*, 31 F. 3d 995, 1004-1005 (10th Cir. 1994); *Washington Hosp. Ctr. v. Cheeks*, 394 F. 2d 964, 965, 129 U.S. App. D.C. 339 (1968).

**II. Any Exclusion of Witnesses and Exhibits Was Harmless Because Plaintiff Was Able to Introduce the Same Evidence to the Jury Through the Testimony of the Witnesses He Did Present at Trial**

The trial judge granted Mr. Stone wide leeway in questioning Mr. Landis at trial. See appellant's appendix II at pp. 65-69. Mr. Stone was able to ask about all the issues covered by the excluded witnesses and exhibits including the issue of defendants' plumbing license at the time Plaintiff applied for the job, what license the selectee Mr. Cavell held and the applicable regulations. Id. Plaintiff also testified on these issues himself at trial and questioned Mr. Cavell on them. Plaintiff also argued these points to the jury in his closing argument.

**III. The Trial Judge Did Not Abuse His Discretion in Dismissing Ethan Landis as an Individual Defendant under the Age Discrimination in Employment Act**

The case law is quite clear that only the employer corporation, not an individual officer, is a proper defendant under the Age Discrimination in

Employment Act. See *Cruz-Packer v. District of Columbia*, 539 F. Supp. 2d 181, 185 (D.D.C. 2008). See also *Miler v. Maxwell Int'l*, 991 F. 3d 583 (9th Cir. 1993). Plaintiff has not cited any controlling authority to the contrary in his brief but relies on cases not brought under the Age Discrimination in Employment Act and other irrelevant authorities.

Appellant's argument (brief at 27) that Cruz-Packer is distinguishable because the defendant there was a governmental body is not based on any provision of the Age Discrimination in Employment Act or any other authority. There is also no reason to believe that the jury verdict below would have been any different if Ethan Landis had been an individual defendant.

**IV. There Was No Basis for the Trial Judge to Sanction the Defendants for Losing Plaintiff's Employment Application or to Sanction the District of Columbia for Failing or Refusing to Produce the Documents Requested in Plaintiff's Subpoena**

In his brief (pp. 18-24) appellant argues that the trial judge should have sanctioned defendants below for losing his application when Landis Construction Corporation moved its offices. Appellant has shown no prejudice by this "ruling" although Plaintiff does not identify the docket entry for the ruling or include it in his

appendix.

Defendants never disputed that Plaintiff was qualified for the plumber position or that he held a master's plumber's license at the time he applied for the position in 2006. The jury obviously did not find Mr. Stone more credible than Mr. Landis as to the alleged "you are too old" comment at the interview. The jury also did not find that Mr. Stone having the license trumped Landis Construction Corporation's prior working relationship with Mr. Cavell, the selectee. See Declaration of Ethan Landis dated April 18, 2013, appellant's appendix II at page 1.

Ethan Landis testified at trial that he hired Mr. Cavell based upon his prior work as an independent contractor plumber for Landis Construction Corporation. Plaintiff argues to the contrary in his brief but presents no trial transcript to support his argument.

## CONCLUSION

For the reasons set forth above the judgment of the district court should be affirmed.

Respectfully submitted,

/s/Joel P. Bennett, Bar No. 145227

Law Offices of Joel P. Bennett, P.C.

1629 K Street, NW, suite 300

Washington, D.C. 20006

202-365-4140

1-866-530-0943-facsimile

e-mail: joelpbennett1946@gmail.com

Attorney for Appellees

**COMPLIANCE WITH PAGE LIMITATION**

I certify that this brief complies with the type volume limitation in circuit rule

28(a)(1) since it contains less than 14,000 words, namely 2,276 words.

/s/ Joel P. Bennett

## CERTIFICATE OF SERVICE

I certify that two copies of the foregoing were served by first class mail on appellant on November 19, 2014 by first class mail, postage prepaid to:

Alfred L. Stone

P.O. Box 33389

Indianapolis, IN 46203

/s/ Joel P. Bennett